**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 15 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BIKRAMJIT SINGH,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 11-70653

Agency No. A095-576-833

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2013[**]

Before: FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Bikramjit Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence, *Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir. 2003), and we deny the petition for review.

Substantial evidence supports the agency's finding that the government rebutted Singh's presumption of a well-founded fear of future persecution by establishing changed circumstances in India. *See id.* at 998-1001. The agency rationally construed evidence in the record and provided a sufficiently individualized analysis of Singh's future fear. *See id.* at 1000. We reject Singh's contention that the BIA failed to consider all relevant evidence. *See Lin v. Holder*, 588 F.3d 981, 987 (9th Cir. 2009) ("[A]lthough the BIA must consider a petitioner's evidence of changed country conditions, it need not expressly refute on the record every single piece of evidence."). Accordingly, Singh's asylum claim fails.

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Gonzalez-Hernandez*, 336 F.3d at 1001 n.5.

Finally, substantial evidence supports the agency's denial of CAT relief because Singh failed to show it is more likely than not that he will be tortured in India. *See Sowe v. Mukasey*, 538 F.3d 1281, 1288-89 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**